J-S48021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIA J. DISEN A/K/A MARIA | : | |
| JIMENEZ DISEN-COLON, MARIA | : | |
| JACQUELINE DICENT | : | |
| | : | |
| Appellant | : | No. 1292 EDA 2020 |

Appeal from the Order Entered May 28, 2020
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  No. 2019-08505

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                    Filed: October 29, 2020

Appellant, Maria J. Disen a/k/a Maria Jimenez Disen-Colon, Maria Jacqueline Dicent, appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which granted summary judgment in favor of Appellee, Bayview Loan Servicing, LLC, in this mortgage foreclosure action. We dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On October 17, 2019, Appellee filed a complaint in mortgage foreclosure, alleging Appellant was in default on her mortgage obligations regarding property located at 2149 Titania Road f/k/a 1519 Titania Road, Tobyhanna, Monroe County, Pennsylvania.  Appellant answered the complaint on October 25, 2019.  On November 15, 2019, Appellee filed preliminary objections, which

the court overruled on January 13, 2020. Appellee filed a motion for summary judgment on April 2, 2020. Following Appellant's responses, the court granted summary judgment in favor of Appellee on May 28, 2020. On June 8, 2020, Appellant timely filed a notice of appeal. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Instantly, Appellant's two-page "brief" on appeal is completely inadequate, lacking the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, statement of the case, and any coherent argument section. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). *See also Smathers v. Smathers*, 670

A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.[1] ***See In re Ullman, supra***; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss her appeal.

Appeal dismissed.

_____

[1] Moreover, the record supports the court's entry of summary judgment in favor of Appellee for the reasons stated in the trial court's opinion. (***See*** Trial Court Opinion, filed May 28, 2020, at 2-5) (finding: Appellee attached to motion for summary judgment original 2005 mortgage and note between Appellant and Mortgage Electronic Registration Systems, Inc. as nominee for Century 21® Mortgage (SM), as well as copy of assignment of mortgage from original mortgagee to JP Morgan Chase Bank, National Association; Appellant provided copy of 2016 Loan Modification, as well as assignment of mortgage from JP Morgan Chase Bank, National Association, to itself; Appellant also included affidavit from one of its employees, who has familiarity with records of this case and who stated that Appellee is in physical possession of original promissory note, endorsed by Appellant; employee also stated that payments on mortgage and note are now overdue and, at time of affidavit, $52,692.00 was still due on note; thus, Appellee proved existence of mortgage and note, which are overdue; in response, Appellant claimed she does not owe amounts alleged because her mortgage was discharged in August 2004 during bankruptcy proceedings; nevertheless, record makes clear that Appellant executed mortgage pertinent to this appeal **after** her other debts were discharged; Appellant's bankruptcy proceeding might have eliminated her prior debts, but it does not insulate her from her current responsibilities and mortgage and note she signed after bankruptcy was final; thus, summary judgment in favor of Appellee was proper).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/20